*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTONIO DEWAYNE HOLLINGSWORTH,

Defendant-Appellant.

UNPUBLISHED
January 21, 2020

No. 346041
Wayne Circuit Court
LC No. 14-007714-01-FC

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

Defendant was convicted of armed robbery, MCL 750.529, following a bench trial. Defendant was sentenced to 12 to 20 years' imprisonment. After two prior appeals,[1] defendant was resentenced to 11 to 20 years' imprisonment. Defendant now appeals as of right. We affirm.

In 2009, a 7-11 store in Romulus was robbed and police recovered items of clothing near the crime scene. In 2013, defendant was convicted of two felonies and sentenced to one to four years' imprisonment. While defendant was incarcerated, DNA on the clothing found near the scene of the 2009 robbery was matched to him.

Defendant was convicted of armed robbery. At the original sentencing hearing, defendant argued that his presentence investigation report (PSIR) contained multiple juvenile adjudications for offenses he did not commit. The trial court rejected defendant's argument, calculated defendant's minimum sentence guidelines range at 81 to 135 months, and sentenced defendant to 12 to 20 years' imprisonment without justifying the departure from the guidelines.

---

[1] *People v Hollingsworth*, unpublished per curiam opinion of the Court of Appeals, issued July 19, 2016 (Docket No. 326409) (*Hollingsworth I*); *People v Hollingsworth*, unpublished per curiam opinion of the Court of Appeals, issued March 20, 2018 (Docket No. 335812) (*Hollingsworth II*).

Defendant moved for a new trial. The trial court ruled that defendant was not entitled to a new trial but ordered the Michigan Department of Corrections (MDOC) to investigate defendant's claim that Prior Record Variable (PRV) 3 had been scored inaccurately. If PRV 3 had been scored inaccurately, the court would resentence defendant.

Defendant appealed his conviction and sentence. This Court held that the MDOC had not completed the ordered investigation. *People v Hollingsworth*, unpublished per curiam opinion of the Court of Appeals, issued July 19, 2016 (Docket No. 326409), pp 7-8 (*Hollingsworth I*). Therefore, this Court remanded to the trial court to enforce its order and resentence defendant if MDOC discovered an error in scoring of PRV 3. *Id*. at 9.

On remand, the prosecution reported that MDOC had concluded that defendant had committed the PRV offenses. But because the prosecution could not prove that defendant failed to complete diversion for those offenses, it agreed that PRV 3 should be assigned zero points. However, the MDOC investigation also found that PRV 7 should have been assigned 20 points. The court, noting that the guidelines had not changed after correction, determined that resentencing was unnecessary.

Again, defendant appealed to this Court. This Court held that the trial court abused its discretion by "conduct[ing] an ad hoc resentencing hearing in which it assessed points to defendant on PRV 7 despite the hearing's stated purpose of determining whether resentencing would be required based on the propriety of the scoring of PRV 3." *People v Hollingsworth*, unpublished per curiam opinion of the Court of Appeals, issued March 20, 2018 (Docket No. 335812), p 3 (*Hollingsworth II*). Therefore, this Court vacated defendant's sentence and remanded for resentencing. *Id*. at 6.

On remand, defendant and the prosecution agreed that defendant's minimum sentence guidelines range was properly calculated at 81 to 135 months. The trial court sentenced defendant to 11 to 20 years' imprisonment. Defendant now appeals as of right.

On appeal, defendant argues that his sentence is unreasonable and disproportionate because 1) he does not have a "significant" criminal history and has behaved well in prison, and 2) the trial court did not articulate its reasons for imposing a sentence at the high end of the guidelines range or conduct the multifactor proportionality analysis of *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). We disagree.

"[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A trial court abuses its discretion when it imposes a sentence that is not " 'proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Id*. at 474, quoting *Milbourn*, 435 Mich at 636.

The trial court did not abuse its discretion by imposing a sentence at the high end of the sentencing guidelines range. This Court only reviews departure sentences for reasonableness. *People v Lampe*, 327 Mich App 104, 125-126; 933 NW2d 314 (2019). "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information."

*People v Schrauben*, 314 Mich App 181, 196; 866 NW2d 173 (2016), citing MCL 769.34(10). Our Supreme Court recently denied an application for leave to appeal on the question whether *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), rendered MCL 769.34(10) unconstitutional. *People v Ames*, 929 NW2d 283 (2019). Therefore, this Court must abide by the statute, as directed in *Schrauben*, 314 Mich App at 196, citing MCL 769.34(10).

Defendant did not object to the revised PSIR or sentencing information report at resentencing and he does not argue on appeal that there was an error in scoring the guidelines or that the trial court relied on inaccurate information. The trial court imposed a minimum sentence of 132 months, which was within the sentencing guidelines range of 81 to 135 months. Defendant cites no authority for the proposition that a trial court must conduct a *Milbourn* analysis on the record to justify a within-guidelines sentence. Therefore, this Court must affirm defendant's sentence. *Id*.

Even if this Court were not bound by MCL 769.34(10), defendant would be unable to establish that his sentence is disproportionate. "[A] sentence within the Legislature's guidelines range is presumptively proportionate." *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000).

Defendant has not identified any unusual circumstances in this case. Defendant argues that he does "not have a significant criminal history." Defendant's criminal history includes eight juvenile adjudications, over 20 misdemeanor convictions, two felony convictions in 2013, and the armed robbery conviction that is the subject of this case. Furthermore, his criminal history was taken into account in scoring the guidelines. Defendant also argues that his "prison history is stellar and he has participated in many programs and continues to do so." This Court addressed this argument on defendant's last appeal: "No authority exists for the proposition that a defendant's experience or change of heart while serving a portion of his sentence is a valid consideration at resentencing . . . ; such factors are generally reserved for issues related to parole and commutation." *Hollingsworth II*, unpub op at 6. There is nothing unusual about a defendant with an extensive criminal history claiming to be reformed. Therefore, defendant has failed to rebut the presumption that his sentence is proportionate.

Affirmed.

/s/ Michael J. Riordan
/s/ David H. Sawyer
/s/ Kathleen Jansen